UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH A. STELMASZEK, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> DEPARTMENT OF VETERANS : <br> AFFAIRS, : <br> : <br> Defendant. : | Civil Action No. 19-cv-00172 (EGS) |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion for summary judgment. For the reasons discussed below, the Court will grant the motion.

**I. BACKGROUND**

a. Procedural History

Plaintiff, Kenneth Stelmaszek, proceeding *pro se* and *in forma pauperis*, initiated this lawsuit on January 18, 2019. *See* Compl., ECF No. 1. He initially raised violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a, relating to a single FOIA/PA request. *Id.* ¶¶ 1–2. On February 8, 2019, this Court was assigned to this matter, and on February 12, 2019, the Court issued its standing order, which includes forewarnings regarding potential consequences of failing to respond to a motion for summary judgment. *See* Standing Ord., ECF No. 5, ¶ 13(h). Defendant filed its answer on April 24, 2019, ECF No. 11.

Among other filings, plaintiff filed a motion for CM/ECF access, ECF No. 6, and a motion for leave to amend complaint, ECF No. 9. The Court granted both motions on May 28, 2019, *see* 5/28/19 Ord., ECF No. 14, and plaintiff's amended complaint was accepted on the same date, ECF

1

No. 15.  The amended complaint raises the same causes of action, *see* Am. Compl. ¶¶ 1–2, and seeks the same relief – monetary damages and immediate availability of all requested records, *id.* ¶¶ 17, 19–24 – but adds a new claim regarding a second and subsequent FOIA/PA request, *id.* ¶¶ 25–35.

Also pending was plaintiff's motion to strike defendant's answer and for sanctions, ECF No. 12.  After an extension, defendant filed an opposition, ECF No. 17, on July 7, 2019.  The Court denied the motion to strike and for sanctions by minute order on July 2, 2019, and further ordered defendant to respond to plaintiff's amended complaint. On August 2, 2019, defendant filed a timely answer to the amended complaint, ECF No. 18.

Shortly thereafter, and per the Court's directives, defendant filed a status report requesting a briefing schedule.  The Court issued its briefing schedule by way of minute order on September 9, 2019, ordering defendant to file its motion for summary judgment by October 15, 2019.

Defendant filed a timely motion for summary judgment ("MSJ"), ECF No. 21, on October 15, 2019.  After receiving no response from plaintiff, on November 27, 2019, the Court again advised plaintiff of his obligations to respond under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.  *See* 10/27/19 Order ("Fox Neal Ord."), ECF No. 22; *see also Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988).  The Court further ordered plaintiff to file an opposition to defendant's motion by December 27, 201, allotting him yet additional time to comply.  *See* Fox Neal Ord. at 3.  Plaintiff was again instructed that if he failed to file a timely response, the Court would rule on the motion without the benefit of his position.  *Id.* To date, plaintiff has not filed any opposition, nor has he requested additional time to do so.

b.  Undisputed Facts

Plaintiff submitted a FOIA/PA request to defendant, the Department of Veterans Affairs ("Defendant" & "VA"), on October 18, 2018 ("October Request").  Am. Compl. ¶ 1; Declaration of Jerry Harrold ("Harrold Decl."), ECF No. 21-3, ¶ 4; True & Correct Copy of October Request ("Harrold Decl. Ex. 1"). He sent the October Request to the Veterans Affairs Evidence Intake Center ("EIC"), located in Janesville, Wisconsin. *Id.* Defendant's declarant, Jerry Harrold, is the PA/FOIA Records Management Officer with the relevant VA Regional Office ("VARO"), located in St. Petersburg, Florida. Harrod Decl. ¶ 1.  He attests that the EIC in Janesville, Wisconsin, exists specifically to process veterans' requests relating to, or submissions for, compensation and benefits claims. *Id.* ¶ 5.  The October Request sought (1) the transcript of plaintiff's October 15, 2018, Decision Review Officer Hearing ("DRO"); (2) the audio recording of that hearing, (3) an updated copy of plaintiff's Claims File ("C-File"), and; (4) any correspondence between any party of the Regional Office concerning plaintiff or his C-File.  *Id.* ¶ 4; Harrold Decl. Ex. 1.

Defendant acknowledged receipt of the October Request by letter on November 7, 2018. Harrold Decl. ¶ 6; (11/7/18) VA Acknowledgment Letter, Harrold Decl. Ex. 2.  The portion of the October Request regarding plaintiff's C-File was processed and fulfilled by the VA Records Management Center ("RCM") in St. Louis, Missouri. Harrold Decl. ¶ 7. The RMC has complete access to C-Files and their related correspondence, as it is the designated entity responsible for responding to such requests. *Id.* On March 5, 2019, plaintiff's complete C-File and relating correspondence were mailed to plaintiff.  *Id.* ¶ 8; *see* (3/5/19) VA Disclosure Letter, Harrold Decl. Ex. 3.

On April 3, 2019, Harrold received notification from a Support Services Supervisor at the National Transcription Center that the transcript for plaintiff's October 15, 2018 DRO hearing had

3

been completed and uploaded for access. Harrold Decl. ¶ 9. The very next day, on April 4, 2019, Harrold personally sent plaintiff a compact disc containing the DRO hearing transcript, *id*. ¶ 10; UPS Tracking Information ("Harrold Decl. Ex. 4"), and it was delivered by April 5, 2019, Harrold Decl. ¶ 11; Harrold Decl. Ex. 4. Shortly thereafter, on April 23, 2019, Harrold personally first-class mailed a compact disc containing the audio of plaintiff's DRO hearing. Harrold Decl. ¶ 12. Defendant produced all of these responsive records in their entirety, with no withholdings or redactions. *Id.* ¶ 13.

Plaintiff's additional claim, raised in the amended complaint, arises out of a FOIA/PA request that he purportedly submitted on December 26, 2018 ("December Request"). Am. Compl. ¶ 26. Defendant's standard agency regulations require that FOIA requesters submit their requests to the specific FOIA officer designated to the VA component responsible for maintaining the records sought. *See* 38 C.F.R. § 1.554(a); Harrold Decl. ¶ 14. Plaintiff sent the December Request by fax to the VA Evidence Intake Center, Am. Compl. ¶ 26, which defendant contends is procedurally improper, *see* Harrold Decl. ¶ 14–15; MSJ at 6. According to defendant, plaintiff should have sent the December Request directly to the FOIA Records Management Officer located in the St. Petersburg, Florida VARO –i.e. Harrold. *See id*. Harrold attests that, due to plaintiff's own error, he never received the December Request. *See* Harrold Decl. ¶ 15.

## II.  STANDARD OF REVIEW

In a FOIA case, a district court reviews the agency's decisions *de novo* and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *Military Audit Project v. Casey*, 656 F. 2d 724, 738 (D.C. Cir. 1981). "[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F. 3d 521, 527 (D.C. Cir. 2011); *Defenders of Wildlife v. 77 U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it can affect the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy,* 813 F. 2d 1236, 1241 (D.C. Cir. 1987). In the FOIA context, "the sufficiency of the agency's identification or retrieval procedure" must be "genuinely in issue" in order for summary judgment to be inappropriate. *Weisberg v. DOJ*, 627 F. 2d 365, 371 n.54 (D.C. Cir. 1980) (internal quotation marks omitted). In assessing a defendant's motion, a court must "view the facts and draw reasonable inferences in the light most favorable to plaintiff." *Scott v. Harris*, 550 U.S. 372, 378 (2007).

In FOIA cases, "[s]ummary judgment may be granted on the basis of agency affidavit [,]" when those affidavits "contain reasonable specificity of detail rather than merely conclusory statements," and when "they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F. 3d 208, 215 (D.C. Cir. 2013) (quoting *Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F. 3d 283, 287 (D.C. Cir.

5

2006)); *see also Peavey v. Holder*, 657 F. Supp. 2d 180, 188 (D.D.C. 2009) (quoting *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 33 (D.D.C. 2002)).  Agency declarations are afforded a "presumption of good faith" and can be rebutted only with evidence that the agency did not act in good faith.  *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004).  However, a plaintiff cannot rebut the good faith presumption afforded to an agency's supporting affidavits through "purely speculative claims . . . ." *SafeCard Servs., Inc. v. SEC*, 926 F. 2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F. 2d 770, 771 (D.C. Cir. 1981)).

In a Privacy Act case, a court may similarly rely on agency affidavits or declarations to enter summary judgment.  *See Chambers v. U.S. Dep't of the Interior*, 568 F. 3d 998, 1003 (D.C. Cir. 2009).  At the summary judgment stage, where the agency has the burden to show that it acted in accordance with the statute, a court may rely on a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.  *Jimenez v. Executive Office for U.S. Attorneys*, 764 F. Supp. 2d 174, 179–80 (D.D.C. 2001) (citing *Chambers,* 568 F. 3d at 1003).  Even if the nonmoving party fails to respond to the motion for summary judgment, or portions thereof, a court cannot grant the motion for the reason that it was conceded.  *Winston & Strawn, LLP v. McLean*, 843 F. 3d 503, 505 (D.C. Cir. 2016).  The burden is always on the movant to demonstrate why summary judgment is warranted.  *Id*.  A district court "must determine for itself that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law, and then 'should state on the record the reasons for granting or denying the motion.' " *Id.* at 508–09 (quoting Fed. R. Civ. P. 56(a)).

### III.   DISCUSSION

a.   October Request

Plaintiff's FOIA and PA claims are predicated on defendant's alleged refusal to release the responsive records. *See* Am. Compl. ¶¶ 3, 13, 15 17, 20 (citing 5 U.S.C. § 552a(d)(1)), 23 (citing 5 U.S.C. § 552a(g)(3)(A)), 27–28, 31, 32 (citing 5 U.S.C. § 552a(g)(3)(A)), 33. Defendant has since released all of the requested responsive records in full, thereby satisfying its obligations under FOIA and the Privacy Act and rendering moot any statutory functions of this Court. *See Perry v. Block*, 684 F.2d 121, 125–26 (D.C. Cir. 1982); *see also Johnson v. United States*, 239 F. Supp. 3d 38, 45 (D.D.C. 2017) (granting summary judgment on behalf of the EEOC after it released all responsive records during the course of litigation) (citing *Crooker v. United States State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980) (*per curiam*) ("Once the records are produced[,] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made.")).

The Court finds that Harrold's declaration is based "on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). In a FOIA case, a declarant need only attest to his personal knowledge of the procedures used in handling plaintiff's request and familiarity with the documents in question. *Johnson*, 239 F. Supp. 3d at 43 (citations and internal quotation marks omitted). Harrold has certainly demonstrated his personal knowledge and familiarity, (1) as a Records Management Officer at the applicable VARO, Harrold Decl. ¶¶ 1–3, and (2) because he personally oversaw, and at times, even individually handled, the processing and release of the records in question, *see id.* ¶¶ 7–12.

For all of these reasons, and without any contrary evidence submitted by plaintiff, summary judgment will be entered as to all claims arising out of the October Request.

b. December Request

FOIA provides agencies with express statutory authority to establish their own rules concerning "the time, place, fees (if any) and procedures to be followed" in requesting records. 5 U.S.C. § 552 (a)(3)(A); *see also id.* §§ 552 (a)(4)(A); (a)(6)(D); (a)(6)(E). Similarly, the Privacy Act mandates that "each agency that maintains a system of records shall promulgate rules" relating to various procedures, fees, and other myriad requirements. 5 U.S.C. § 552a(f). Consequently, it is entirely appropriate for defendant to rely on its own rules and regulations in its receipt and processing, or inability to process, a request. *See Wattleton v. Berryhill*, --- F.Supp.3d ---, 2020 WL 1033333 at *4 (D.D.C. Mar. 3, 2020).

Pursuant to defendant's regulations,

> [t]o make a request for VA records, write directly to the FOIA Officer for the VA component that maintains the records. If the requester is not sure where to send the request, he or she should seek assistance from the FOIA Contact for the office believed to manage the programs whose records are being requested or send the request to the Director, FOIA Service (005R1C), 810 Vermont Avenue, NW., Washington, DC 20420, who will refer it for action to the FOIA contact at the appropriate component.

38 C.F.R. § 1.554(a). Additionally,

> [t]he request should be made to the office concerned (having jurisdiction over the system or systems of records involved) or, if not known, to the Director or Department of Veterans Affairs Officer in the nearest Department of Veterans Affairs regional office, or to the Department of Veterans Affairs Central Office, 810 Vermont Avenue, NW., Washington, DC 20420. Personal contact should normally be made during the regular duty hours of the office concerned, which are 8:00 a.m. to 4:30 p.m., Monday through Friday for Department of Veterans Affairs Central Office and most field facilities.

*Id.* § 1.577(b). Here, defendant contends that plaintiff ostensibly incorrectly assumed that he should submit the December Request to the same component where he sent his October Request

8

–the EIC – when it should have been directed to the St. Petersburg VARO. *See* Harrold Decl. ¶¶ 14–15; MSJ at 6.

The Court agrees that "[a]n agency's disclosure obligations are not triggered . . . until it has received a proper FOIA request *in compliance with its published regulations*." *Antonelli v. Fed. Bureau of Prisons*, 591 F. Supp. 2d 15, 26 (D.D.C. 2008) (emphasis added). If an agency receives a request that does not comply with its published rules, it "has no reason to search or produce records[.]'" *Johnson*, 239 F. Supp. 3d at 44; *Rios v. United States*, 275 F. Supp. 3d 88, 93 (D.D.C. 2017) (holding same).

If plaintiff had any confusion regarding where to send his December Request, he could have alternatively sent it to the Department of Veterans Affairs Central Office, and it would have been automatically forwarded to the proper component. *See* 38 C.F.R. §§ 1.554(a), 1.577(b). There is no evidence that plaintiff availed himself to any of the suitable options within the applicable regulations. *See Gordon v. Courter*, 118 F. Supp. 3d 276, 285–86 (D.D.C. 2015) (entering summary judgment on behalf of government after plaintiff sent request to the wrong agency component and finding that if "Plaintiff was uncertain about the location of the records he sought, he could have sent his request, per FOIA regulations, to DOJ's catch-all 'FOIA/PA Mail Referral Unit,' which would have then forwarded the request to the appropriate components."); *Sykes v. United States*, No. 1:10–cv–688, 2011 WL 3739017 at *13–*14 (S.D. Ohio Jul. 22, 2011) (dismissing claims where plaintiffs failed to show that they submitted "proper requests" in compliance with 38 C.F.R. 1.550 *et seq*.).

Again, for all of the above reasons, and without any evidence submitted to the contrary, summary judgment is thus entered on behalf of defendant as to all claims arising out of the December Request. *See Thomas v. Fed. Comm'cns Comm'n*, 534 F. Supp. 2d 144, 146 (D.D.C.

2008) (granting summary judgment in the agency's favor "[i]n the absence of any evidence that plaintiff submitted a proper FOIA request to which defendant would have been obligated to respond[.]").

### IV. CONCLUSION

Defendant has shown that there is no genuine issue of material fact in dispute regarding its compliance with FOIA and the Privacy Act and it is entitled to judgment as a matter of law. Accordingly, the Court grants defendant's [21] motion for summary judgment. An order accompanies this memorandum Opinion.

_____/s/_____
EMMET G. SULLIVAN
United States District Judge

Date:   August 12, 2020